HENRY HENDERSON v. THE STATE.

No. 507.    Decided March 30, 1910.

**1.—Murder—Charge of Court—Practice on Appeal.**

A motion for new trial should point out specifically errors in the court's charge, and a complaint that the charge of the court was contrary to and not in accordance with the law and the facts of the case is too general; besides the charge of the court was sufficient.

**2.—Same—Sufficiency of the Evidence—Murder in the First Degree—Death Penalty.**

Where, upon trial for murder, the conviction of murder in the first degree assessing the death penalty was sustained by the evidence, the same will not be disturbed on appeal.

Appeal from the District Court of Cherokee. Tried below before the Hon. James P. Gibson, Special Judge.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—An indictment was presented in the District Court of Cherokee County on the 20th day of December, 1909, charging appellant with the murder of one E. C. Landrum, in said county, on the 17th day of December of the same year. At a trial had in said county on December 30 thereafter, appellant was found guilty of murder in the first degree, and his punishment assessed at death.

The only grounds stated in the motion for a new trial are:

"1st. Because the verdict of the jury was contrary to the law and the evidence.

"2d. Because the charge of the court was contrary to and not in accordance with the law and the facts of the case."

1. It will be noted that the motion for new trial does not point out any error in the charge of the court, and is of the most general character. We have, however, in view of the severe penalty inflicted upon appellant, carefully examined the charge of the court, and find it to be an exceptionally clear, lucid, full and fair presentation of every issue raised in the testimony.

2. We think a careful inspection of the record must convince any fair mind that appellant's guilt is conclusively shown by all the testimony, and that disregarding his written confession which, in view of the physical facts at the scene of the homicide, indisputably show his guilt, that there is abundant evidence outside of same to point to appellant with unerring certainty as the man guilty of the death of Landrum. Landrum was a storekeeper in Cherokee County, and about 8 o'clock on the morning of the 17th of December was found on the floor of his store with his head most horribly beaten up, the evidence showing there were seven distinct wounds on his head, and every bone in his head except one had been broken. Appellant was shown to be at the store just before he was found in this condition. Appellant's boots, which he wore at the time, were discovered covered with some bark and brush a short distance from the store in the direction which he is known to have taken, and on these boots was found quite a good deal of blood. A little distance from this spot bare feet were shown, and but a short distance from the boots there was discovered under some bark on an old stump a number of bills of currency, among others, a one dollar bill which was identified as having shortly before that been in the possession of and the property of Landrum. When arrested appellant asked permission to go to a closet, and while in there secreted another bill; this time a $20 bill. Later, in a confession, he

disclosed the presence and whereabouts of this money, and it was recaptured. The bloody hammer with which the murder was done belonged to appellant's father-in-law, and was identified by him. Other witnesses testified to the possession by appellant of a hammer carried in his pocket as he was going to the store. This is a mere outline of only the more important parts of the testimony. Considered altogether the case was thoroughly developed, the evidence well connected and marshalled with care, and leaves no doubt or question that appellant was guilty of the murder charged.

So believing, and finding no error in the record of which appellant has complained or of which he could complain, the verdict of death is affirmed.

*Affirmed.*